UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Melanie Montgomery,

    Plaintiff,

v.                                            Case No. 07-12674

Trott & Trott, P.C.,                  Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Melanie Montgomery ("Plaintiff"), acting *pro se*, filed this action against Trott & Trott, P.C. ("Defendant") on June 25, 2007. The matter is currently before the Court on Defendant's unopposed Motion to Dismiss. The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motion will be decided upon the papers submitted. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, Defendant's Motion shall be GRANTED and Plaintiff's complaint shall be dismissed with prejudice.

## BACKGROUND

On June 25, 2007, Plaintiff filed her *pro se* complaint in this action that alleges, in its entirety:

    Violations:
    1. Fair Debt Collection Act 15 U.S.C. 1601 et seq
    2. Truth in Lending Act Regulation Z
    3. Michigan Supreme Court Stature [sic]
    Klaus vs Danowski (PA 1955 No 247 As Amended PA 1958 No 94)
    4. U.S. Supreme Court Stature [sic]

1

Summa vs California 466 U.S. 198 (1984)

(Pl.'s Compl., Docket Entry No. 1).

On July 26, 207, Defendant filed a "Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 8(a)(1) and FRCP Rule 12(b)(6)."

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Rule 7.1(e)(2) provides that oral hearings on motions will be heard "unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule."

Thus, if Plaintiff opposed Defendant's pending Motion to Dismiss, Plaintiffs was required to file a brief in opposition to same within 21 days of service of the motion (*i.e.*, no later than August 16, 2007). As of August 17, 2007, however, Plaintiff had not filed any response in opposition to Defendant's motion. The Court then issued an Order to Show Cause on August 17, 2007, requiring Plaintiff to show cause in writing no later than September 4, 2007, why Defendant's Motion to Dismiss should not be granted [Docket Entry No. 6]. Plaintiff also failed to respond to that order.

## ANALYSIS

In support of its Motion to Dismiss, Defendant submits a copy of a complaint that Plaintiff filed against Defendant in Wayne County Circuit Court on March 8, 2007 ("the State Court Action"). (*See* Ex. C to Def.'s Motion). The complaint that Plaintiff filed in the State

2

Court Action was nearly identical to the Complaint filed in this action.

Defendant filed a Motion for Summary Disposition in the State Court Action. Defendant's motion was granted on June 8, 2007, and Plaintiff's claims in the State Court Action were dismissed with prejudice.[1] (Ex. D to Def.'s Motion).

Defendant contends that Plaintiff's filing of an almost identical complaint in this action violates the *Rooker-Feldman* Doctrine because it is an attempt to seek review of a state court decision in an inferior court. "28 U.S.C. §1257 grants the Supreme Court the right to review '[f]inal judgments . . . rendered by the highest court of a State in which a decision could be had.' Thus, because Congress has not granted any other federal court the right to review state court judgments, the Supreme Court's jurisdiction under §1257 is exclusive." *Hart v. Comerica Bank*, 957 F.Supp. 958 (E.D. Mich. 1997).

"[A]n inferior court must apply the *Rooker-Feldman* Doctrine to dismiss cases for lack of jurisdiction where: (1) the party against whom the Doctrine is being applied had the opportunity to raise the issue before the inferior federal court, or those inextricably intertwined therewith, in prior state court proceedings; and (2) the prior state court proceedings adjudicated the issues before the federal court or the issues before the federal court are inextricably intertwined with the issues which were the subject of the prior state court proceedings." *Id*. at 970.

In this action, Plaintiff had an opportunity to raise the issues she now brings before this Court in a prior state court proceeding. As the Complaint is nearly identical to the complaint Plaintiff filed in the State Court Action, Plaintiff has raised no new issues, at least none that are not inextricably intertwined with the issues raised in state court. In addition, the issues raised in

---

[1] In addition, Defendant was awarded costs of $720.00.

the State Court Action were adjudicated when Summary Disposition was granted in Defendant's favor and the claims were dismissed with prejudice.

Accordingly, this Court must apply the *Rooker-Feldman* Doctrine and dismiss this case for lack of jurisdiction.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's unopposed Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 17, 2007

I hereby certify that on September 17, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and upon Melanie Montgomery by ordinary mail at the address below:

Melanie Montgomery
9535 Asbury Park
Detroit, MI 48227

S/Jennifer Hernandez
Case Manager